# In the United States Court of Federal Claims

(Pro Se)

<table>
<tr><td>

NOAH A. RICE,

                   Plaintiff,

v.

THE UNITED STATES,

                   Defendant.

</td><td>

)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)

</td><td>

No. 25-1901<br>(Filed: March 18, 2026)

</td></tr>
</table>

Noah A. Rice, Murrieta, CA, pro se.

Nelson Kaun, U.S. Department of Justice, Washington, DC, with whom were Eric P. Bruskin, Assistant Director, Patricia M. McCarthy, Director, and Brett A. Shumate, Assistant Attorney General.

## OPINION AND ORDER

On November 4, 2025, Plaintiff Noah A. Rice, proceeding pro se, filed a Complaint naming as defendants the United States and five individuals associated with the Yavapai County court system and Attorney's Office in Prescott, Arizona. In his Complaint, Mr. Rice alleges he had a contract with the United States Department of the Treasury ("Treasury Department") pursuant to 41 U.S.C. § 7101(6)(B) & (7). Compl. at 1–2, Dkt. No. 1; see also Dkt. No. 1-4 at 44–45 (screenshots of a purported Treasury Direct account). He seeks to compel Defendants to process and honor "GSA-Form Bonds" that he unilaterally tendered to the government through a trust he established to discharge what he calls "outstanding commercial-paper liability." Compl. at 5. According to Mr. Rice, these alleged bonds created a contract between himself and the government, and Defendants breached this contract when they did not pay him. Compl. at 4–6.

Attached to Mr. Rice's Complaint is an Affidavit from an individual who identifies themselves as "Sir Gary Lee" and a series of account statements, screenshots, and other documents. Aff. of Sir Gary Lee [hereinafter Aff.], Dkt. No. 1-3; Dkt. No. 1-4 (containing, among other things, a purported contract with the Treasury Department and screenshot of a Treasury Direct Account).

As relief, among other things, Mr. Rice seeks to have the Defendants placed "on probation due to their inability or unwillingness or ignorance as to their failure to process, discharge, and release plaintiff from all commercial liability," to be "released from the stigma of a felony conviction," and to be paid $26,500,000 based on this supposed contract. Compl. at 6–7; Dkt. No. 1-4 at 1.

The government moves to dismiss this Complaint pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). Mot. to Dismiss, Dkt. No. 8. It primarily argues the Court lacks jurisdiction to hear Mr. Rice's claim because he fails to allege a valid contract between himself and the United States and his claims are based on frivolous sovereign citizen

theories. Mot. to Dismiss at 3–6. For the reasons set forth below, the Court agrees and so grants the government's Motion to Dismiss.

### DISCUSSION

The United States Court of Federal Claims is a court of limited jurisdiction. The Tucker Act grants the Court of Federal Claims the ability "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act serves as both a jurisdictional grant and waiver of the government's sovereign immunity, but it does not create a substantive cause of action. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). A plaintiff, therefore, "must identify a separate source of substantive law that creates the right to money damages." Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005)); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (citing United States v. Mitchell, 463 U.S. 206, 216 (1983)). "Allegations of subject matter jurisdiction, to suffice, . . . must exceed a threshold that 'has been equated with such concepts as 'essentially fictitious,' 'wholly insubstantial,' 'obviously frivolous,' and 'obviously without merit.'" Boeing Co. v. United States, 968 F.3d 1371, 1383 (Fed. Cir. 2020) (quoting Shapiro v. McManus, 577 U.S. 39, 45–46 (2015)).

It is well established that complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Harris v. United States, 113 Fed. Cl. 290, 292 (2013). Further, if a defendant challenges the jurisdictional facts underpinning a pro se plaintiff's case, that plaintiff must "demonstrate facts sufficient to support [his] contention regarding the court's jurisdiction" because "[o]nce challenged, allegations alone are insufficient to meet the [plaintiff's] burden." Cedars-Sinai Med. Ctr. V. Watkins, 11 F.3d 1573, 1584 (Fed. Cir. 1993).

The allegations against the United States in Mr. Rice's Complaint are, at best, hard to decipher, and his Response brief is largely unintelligible. Mr. Rice appears to base his contract claim on a trust "agreement" he unilaterally created and sent to the Treasury Department as a "GSA-Form Bond." See Dkt. No. 1-4 at 23–41. The alleged trust agreement Mr. Rice provides lists his name as "Noah-Alexander: Rice ©," a "Secured Party, and Free-Born man of the Soil" and represents that "the U.S. citizen/PERSON presented is a legal fiction" that is a "surety for the United States." Dkt. No. 1-4 at 26–27, 33, 38. Further, the purported trust agreement declares Mr. Rice's birth certificate is a deposit receipt. Dkt. No. 1-4 at 34.

Mr. Rice has not identified any money-mandating source of substantive law giving him a right to money damages, as required for Tucker Act jurisdiction. See Jan's Helicopter Serv., 525 F.3d at 1306. While he alleges that he is a government contractor and has a trust agreement with the government, these allegations are fictitious and frivolous, and obviously without merit.

Indeed, the theories espoused in Mr. Rice's Complaint as well as its style bear many of the hallmarks of the sovereign citizen movement. For example, Mr. Rice refers to himself as a corporate entity and argues his birth certificate evidences a "GSA-Form Bond." See Anderson, 2025 WL 3720429, at *3 ("Based on the plaintiff's reference to himself as a corporate entity ('Carrera-Ray: Anderson ©') and a 'stateless person' outside the general jurisdiction of the

2

federal government . . . it appears that the plaintiff is a sovereign citizen."). Mr. Rice's exhibits also refer to sovereign citizens at least twice, Dkt. No. 1-4 at 8, 19, and affidavits from a "Sir Gary Lee" have appeared in previous frivolous sovereign citizen actions. See, e.g., Brown v. Wickey, No. 4:25-CV-01045-JSD, 2025 WL 3227553, at *2 (E.D. Mo. Nov. 19, 2025).

Sovereign citizen claims have been routinely and unanimously been rejected and dismissed by courts as frivolous. See, e.g., Bradford v. Kummerfeld, No. 5:19cv143, 2020 WL 6482980, at *1 (E.D. Tex., May 13 (2020) (citing West v. Bornunda, 698 F. App'x 224 (5th Cir. 2017)); United States v. Mundt, 29 F.3d 233, 237 (6th Cir. 1994); Charlotte v. Hansen, 433 F.App'x 660, 661 (10th Cir. 2011) (explain the sovereign citizen theory "has no conceivable validity in American law"); Bey v. State of Indiana, 847 F.3d 559, 559–60 (7th Cir. 2017); United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) (stating sovereign citizen "theories should be rejected summarily"); United States v. Sterling, 738 F.3d 228, 223 n.1 (11th Cir. 2013); United States v. Jagim, 978 F.2d 1032, 1036 (8th Cir. 1992); Ammon v. United States, 142 Fed. Cl. 210, 219 (2019); Polinski v. United States, 178 Fed. Cl. 736, 746 (2025). The Court agrees with these decisions.

## CONCLUSION

The Court considered Mr. Rice's remaining arguments and, to the extent it can understand them, finds them unpersuasive. The Court lacks subject-matter jurisdiction over Mr. Rice's claims. Accordingly, the government's Motion to Dismiss for lack of jurisdiction, Dkt. No. 8, is **GRANTED**, and Mr. Rice's Complaint, Dkt. No. 1, is **DISMISSED without prejudice.** Plaintiff's Motion for Summary Judgment, Dkt. No. 11, is **DENIED as moot**.

The Clerk is directed to enter judgment against Plaintiff.

 **IT IS SO ORDERED.**

_____

ELAINE D. KAPLAN

Judge

3